Michael Luskin (ML 3957)
Luskin, Stern & Eisler LLP
330 Madison Avenue, Suite 3400
New York, NY 10017
Telephone: (212) 293-2700
Fax: (212) 293-2705
Email: mluskin@lse-law.com

**Counsel for California Department of Water Resources, California Electricity Oversight Board and Attorney General of the State of California**

Edmund G. Brown, Jr.
Attorney General of the State of California
Tom Greene
  Chief Assistant Attorney General
Mark Breckler
  Senior Assistant Attorney General
Martin Goyette
  Supervising Deputy Attorney General
1515 Clay St., 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 622-2207
Fax: (510) 622-2270
Email: martin.goyette@doj.ca.gov

**Counsel for California Department of Water Resources and Attorney General of the State of California**

Erik N. Saltmarsh
Chief Counsel
California Electricity Oversight Board
770 L Street, Suite 1250
Sacramento, CA 95814
Phone: (916) 322-8601
Fax: (916) 332-8591
Email: esaltmarsh@eob.ca.gov

**Counsel for California Electricity Oversight Board**

Keith J. Cunningham (Admitted *Pro Hac Vice*)
Catherine R. Connors
Jared S. des Rosiers (Admitted *Pro Hac Vice*)
Pierce Atwood LLP
One Monument Square
Portland, Maine 04101
Telephone: (207) 791-1100
Fax: (207) 791-1350
Email: kcunningham@pierceatwood.com
Email: cconnors@pierceatwood.com
Email: jdesrosiers@pierceatwood.com

**Counsel for California Department of Water Resources and California Electricity Oversight Board**

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 05-60200-BRL |
| CALPINE CORPORATION, *et al.*, | (Jointly Administered) |
| Debtors | District Court |
| | Case No. 07-CV-6917 |

## CALIFORNIA STATE PARTIES' MOTION TO WITHDRAW REFERENCE AND INCORPORATED MEMORANDUM OF LAW

[W0799603.14]

TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011 and Rule 5011.1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), the California State Parties[1] hereby move to withdraw the reference to all proceedings on Debtors' motion for entry of an order approving the adequacy of Debtors' Disclosure Statement (Bk Doc. No 5162) to the extent - and only to the extent - that such proceedings relate to whether the Disclosure Statement must be denied for the reasons set forth in the "California State Parties' Objection to Debtors' Disclosure Statement Based on the Federal Power Act and Other Federal Law and Incorporated Memorandum of Law" filed concurrently herewith (the "Objection") or any other objection relating to the Federal Power Act ("FPA")[2] or the Order the District Court entered in this same case on January 27, 2006.

In their Objection, the California State Parties assert that the Debtors' request to approve the Disclosure Statement they filed on June 20, 2007 in connection with their proposed Chapter 11 Plan of Reorganization (the "Plan") should be denied because the Plan is fatally flawed and,

---

[1] The California State Parties are the California Electricity Oversight Board, the People of the State of California, ex rel. Edmund G. Brown, Jr., Attorney General of the State of California, and the California Department of Water Resources. By filing this motion, the California State Parties do not waive either their Eleventh Amendment immunity or their sovereign immunity. Further, the filing of this motion shall not be deemed or construed as a waiver of any objections or defenses that the California State Parties, or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over it or such other agency, unit or entity based upon the Eleventh Amendment or related principles of sovereign immunity or otherwise, all of which are hereby preserved.
[2] The FPA is codified at 16 U.S.C. §§ 796 *et seq.*

{W0799603.14}                                    2

thus, incapable of confirmation.[3] The Plan (a) disregards the Order the District Court entered in this same case on January 27, 2006, finding that it lacked subject matter jurisdiction to take the action Debtors now propose to take under their Plan (the "Order"),[4] and (b) violates the FPA and the filed rate doctrine, which prohibits any court from collaterally attacking the rates, terms or conditions of a wholesale energy contract subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").[5]

In addition, as discussed more fully in the Objection, when an order is appealed — as the Debtors have appealed this Court's Order — jurisdiction passes to the appellate court with respect to the subject matter on appeal. As a jurisdictional matter, the lower court can only take steps to enforce the order on appeal. Any action either this Court or the Bankruptcy Court takes with respect to the Debtors' proposed Plan, other than to refer and adhere to the Order, would relate to and, further, be inconsistent with, that Order on appeal. For this reason also, the only action the Court can take with respect to the Order while on appeal is to enforce it, the Plan cannot be confirmed and the Disclosure Statement should accordingly be rejected.

---

[3] Copies of the Plan, the "Plan Supplement" Debtors filed concurrently with the Plan, and Debtors' Disclosure Statement are reproduced, respectively, as Exhibits B, C, and D in the to California State Parties' Motion to Withdraw Reference and Incorporated Memorandum of Law, and Motion to Enforce the Court's Order of January 27, 2006 (the "Appendix"). The index to the Appendix is attached hereto as Exhibit A. A courtesy copy of the Appendix has been transmitted to the Court, the Debtors and each of the official committees, and will be made available upon request to parties in interest as set forth in Exhibit A hereto.

[4] A copy of the Order, as amended on February 2, 2006 to correct a typographical error, is included as Exhibit A in the Appendix. The published copy of the Order, *In re Calpine Corp.*, 337 B.R. 27 (S.D.N.Y. 2006) (Casey, J.), does not include this amendment.

[5] *Calpine.*, 337 B.R. at 32-33. Concurrently herewith, the California State Parties are also filing in the Bankruptcy Court an objection to the adequacy of the information contained in Calpine's Disclosure Statement. This motion does not seek withdrawal of the reference with respect to that objection, which may be rendered moot by this Court's disposition of this motion and the Objection. By filing the general objection on the adequacy of the Disclosure Statement, the California State Parties are in no way conceding that the Bankruptcy Court should decide any issue concerning rejection or "repudiation" of the Calpine 2 Contract.

Given that the arguments grounding the Objection involve substantial questions relating to non-bankruptcy law, such as the FPA and filed rate doctrine, and rules of general appellate jurisdiction, withdrawal of the reference is mandatory pursuant to 28 U.S.C. § 157(d).

Additionally and alternatively, there is cause for permissive withdrawal of the reference. Permissive withdrawal will promote judicial efficiency and avoid the potential for inconsistent rulings between the District Court and Bankruptcy Court. Such inconsistent rulings could arise because the relief sought in the Objection and the Motion to Enforce is the same - an order preventing Calpine Corporation and its subsidiary, Calpine Energy Services, L.P. ("CES" and, collectively, "Calpine"), from performing an end run around FERC's exclusive jurisdiction over the rates, terms, conditions and duration of the FERC-jurisdictional contracts and the Order by recharacterizing bankruptcy rejection as "repudiation" in their Plan. Moreover, undertaking the burden and expense of Plan distribution and vote solicitation in a bankruptcy proceeding of this magnitude, when the Plan is non-confirmable on its face and contains provisions that relate to, and would be inconsistent with the Order on appeal, makes no sense.

## JURISDICTION

The District Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157, 1334 and 1412. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## MEMORANDUM OF LAW

This Motion includes citations to the applicable authorities and a discussion of their application to this Motion. The California State Parties respectfully submit that such citations and discussion satisfy the requirement of Local Rule 9013-1 for the Southern District of New York that motions be accompanied by memoranda of law.

{W0799603.14}

4

## FACTUAL BACKGROUND

A full discussion of the facts relevant to the instant Motion is set forth in the Objection and Motion to Enforce.[6]

In brief, on January 27, 2006, this Court held that, pursuant to the FPA, it lacked subject matter jurisdiction to authorize Calpine to reject, pursuant to Section 365 of the Bankruptcy Code, power purchase agreements that are subject to the jurisdiction of FERC. *Calpine*, 337 B.R. at 36. The District Court reached this conclusion "because [rejection] would directly interfere with FERC's jurisdiction over the rates, terms, conditions, and duration of wholesale energy contracts." *Id.* If Calpine wishes to be relieved of its obligations under FERC jurisdictional contracts, the District Court ruled, then Calpine must ask FERC for that relief, and cannot circumvent FERC through a rejection proceeding in bankruptcy. *Id.*

During the 17 months since the District Court issued the Order, Calpine never went to FERC as the Court instructed. Instead, on June 20, 2007, Calpine filed its Plan, the terms of which purport to relieve Calpine of its obligations under FERC jurisdictional contracts, including its Calpine 2 Contract with CDWR, without FERC's approval. As detailed in the Objection and Motion to Enforce, "rejection" and "repudiation" are one and the same and prohibited under the FPA, the Order and the filed rate doctrine.

## ARGUMENT AND AUTHORITY

Pursuant to 28 U.S.C. § 157(d), this Court has both mandatory and permissive authority to withdraw the reference to the Bankruptcy Court. Both apply here.

---

[6] A copy of the Objection is reproduced in the Appendix as Exhibit G.

I.  **MANDATORY WITHDRAWAL APPLIES BECAUSE RESOLUTION OF THE OBJECTION REQUIRES CONSIDERATION OF THE BANKRUPTCY CODE, THE FPA AND OTHER FEDERAL LAW.**

   A.  **The Standard for Mandatory Withdrawal.**

Section 157(d) provides in relevant part:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding <u>requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce</u>.

28 U.S.C. § 157(d) (emphasis added).

The mandatory withdrawal provision contained in the second sentence of Section 157(d) "require[s] withdrawal to the district court of cases or issues that would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *see also Blanco v. Hoehn (In re Gaston & Snow)*, 173 B.R. 302, 304 (S.D.N.Y. 1994).

When a proceeding in the bankruptcy court requires the court to engage in "something more than the mere process of examining, thinking about or taking into account" federal laws other than the Bankruptcy Code, Section 157(d) mandates withdrawal of the reference. *In re Horizon Air, Inc.*, 156 B.R. 369, 373 (N.D.N.Y. 1993) (citing *Am. Freight Sys., Inc. v. Interstate Commerce Comm'n (In re Am. Freight Sys., Inc.)*, 150 B.R. 790, 792 (D. Kan. 1993)). Withdrawal of the reference is required when "'substantial and material' potential conflicts exist between non-bankruptcy federal laws and Title 11." *Keene Corp. v. Williams Bailey & Wesner LLP (In re Keene Corp.)*, 182 B.R. 379, 382 (S.D.N.Y. 1995) (citations omitted); *see also Enron Power Mktg., Inc. v. Santa Clara (In re Enron Power Mktg., Inc.)*, 2003 U.S. Dist. LEXIS 189, at *11 (S.D.N.Y. Jan. 8, 2003).

"The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of statutes outside the Bankruptcy Code." *In re Horizon Air, Inc.*, 156 B.R. at 373 (citing *E. Airlines, Inc. v. Air Line Pilots Assoc. (In re Ionosphere Clubs, Inc.)*, No. 89 Civ. 8250 (MBM), 1990 WL 5203, at *5 [1990 U.S. Dist. LEXIS 741, at *14] (S.D.N.Y. Jan. 24, 1990)). Bankruptcy courts are specialized courts, which "should be limited in their control over matters outside of their expertise." *Niagara Mohawk Power Corp. v. Megan Racine Assocs., Inc. ( In re Megan-Racine Assoc. Inc.)*, 180 B.R. 375, 381 (N.D.N.Y. 1995).

### B.  The Standard for Mandatory Withdrawal Applies Here.

Withdrawal is mandatory here for the same reasons the Court so found when addressing the California State Parties' objection to Calpine's first effort to reject the Calpine 2 Contract: resolution of the issues presented in the Objection "require[s] substantial and material consideration of both federal law and bankruptcy law," not definitively resolved elsewhere, regarding the interface between the FPA and the Bankruptcy Code regarding rejection. *See Calpine*, 337 B.R. at 31 (citing previous Order of January 4, 2006).

Calpine's Plan does not explicitly acknowledge that it seeks to "reject" the Calpine 2 Contract. Rather, Calpine now seeks to "repudiate" the Calpine 2 Contract. "Repudiation" is not a bankruptcy term of art. It appears nowhere in the Bankruptcy Code. *See Boston Post Rd. Ltd. P'ship v. FDIC (In re Boston Post Rd. Ltd. P'Ship)*, 21 F.3d 477, 484 (2d Cir. 1994) (if lease is neither assumed nor rejected, then it continues in effect following the bankruptcy); *In re Texaco, Inc.*, 254 B.R. 536, 556-59 (Bankr. S.D.N.Y. 2000) (executory contract that is neither assumed nor rejected "passes through" the chapter 11 case unaffected by bankruptcy). To resolve the Objection, the Court will thus need to review the substance of what Calpine seeks to do under its Plan with respect to "Repudiated FERC Jurisdictional Contracts," then look to the FPA and filed

rate doctrine to determine if the Plan seeks to do what the Court previously ruled a court acting under bankruptcy law lacks jurisdiction to do. The analysis thus involves an interpretation of the Bankruptcy Code and other laws of the United States regulating organizations or activities affecting interstate commerce (*i.e.,* determining whether Calpine's latest rejection attempt, while recharacterized as a "repudiation," violates the FPA and filed rate doctrine).

Aside from the FPA and filed rate doctrine, because this Court's Order prohibits Calpine from taking the action contemplated by the Plan, and because Calpine's appeal from the Order remains pending before the Second Circuit, resolution of the Objection would also require the examination of the federal district court's general powers to enforce its orders, and the lower court's jurisdictional limitations to act when an order is appealed (as discussed in the Objection). Not a rote exercise, this involves deliberation as to the scope of appellate divestment of lower court jurisdiction with respect to matters "related" to those on appeal. *See Whispering Pines Estates, Inc. v. Flash Island, Inc.*, 2007 Bankr. LEXIS 1991, *15 (B.A.P. 1st Cir. June 15, 2007) ("Determining what is related and unrelated to the pending appeal in a bankruptcy case, however, is not always a simple task"), *citing Sullivan Cent. Plaza I, Ltd. v. Bancboston Real Estate Capital Corp.*, 935 F.2d 723, 743-44 (5th Cir. 1991).

In sum, to evaluate Calpine's effort to "repudiate," the Court must interpret, in addition to the Bankruptcy Code, the FPA, the filed rate doctrine, the general jurisdictional powers of the district and bankruptcy courts, and the previous Order. For these reasons, withdrawal of the reference is mandatory.

## II. ADDITIONALLY AND ALTERNATIVELY, CAUSE EXISTS FOR PERMISSIVE WITHDRAWAL OF THE REFERENCE.

Should the Court conclude that withdrawal is not mandatory, then the California State Parties request the Court to find that cause exists for permissive withdrawal. *See* 28 U.S.C.

§ 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.").

Although "cause" is not defined in Section 157(d), the Second Circuit has crafted a two part test for determining whether cause exists: (1) whether an issue is core or non-core; and (2) whether withdrawal of the reference is an efficient use of judicial resources and will promote uniform bankruptcy administration. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *quoting Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985) ("The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.") Even when core proceedings are at issue, the Court should consider the totality of the circumstances when making the cause determination. *See In re Fischer*, 202 B.R. 341, 354 (E.D.N.Y. 1996) (concluding that the totality of the circumstances justified withdrawal of reference on the basis of judicial economy citing the fact that the RICO action that was the subject of the motion to lift automatic stay was pending before the district court for years, extensive work on the case was done by the magistrate, and substantive motions had already been decided).

Cause for permissive withdrawal of the reference is present here. Because the fatal defects in the Plan revolve around issues at the center of the Order – issues which necessarily will be addressed by the Court in its disposition of the Motion to Enforce – this Court should withdraw the reference so that all issues relating to Calpine's proposed "repudiation" of the Calpine 2 Contract are consolidated in a single proceeding. Doing so is the most efficient use of resources, including judicial resources.

Additionally, this Court's previous Order specifically held that the Bankruptcy Court lacks jurisdiction to alter the "rates, terms, conditions, and duration" of the FERC contracts. *Calpine*, 337 B.R. at 36. Calpine's proposed "repudiation" of the Calpine 2 Contract, as reflected in its Disclosure Statement and Plan, however, does precisely that. For this reason and because of Calpine's Second Circuit appeal, the Bankruptcy Court has no jurisdiction to approve the Disclosure Statement or the Plan. Thus, the Court should withdraw the reference to ensure that this Court considers all issues raised by the California State Parties in connection with the Objection, and that the Bankruptcy Court does not take action that it lacks jurisdiction to perform. By addressing the Objection now, this Court will avoid the potential that the Bankruptcy Court will issue a ruling on the Objection that is inconsistent with this Court's previous Order and/or its ruling on the Motion to Enforce.

Moreover, as noted in the Objection, courts have long recognized that when a reorganization plan contains a fundamental legal defect, and cannot ultimately be confirmed, that defect should be heard as an objection to the disclosure statement, reasoning that it is a waste of time and resources to solicit votes on what amounts to an unconfirmable plan. *See, e.g., In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992) (denying approval of debtor's disclosure statement because "it describes a plan which is fatally flawed and thus incapable of confirmation"). Here, over 18,000 proofs of claim, representing more than $78,000,000,000 in claims, have been filed against Calpine. (Disclosure Statement, Article I.E, at 6.) More than 462,000,000 shares of Calpine's common stock were outstanding as of March 31, 2007. (*Id.*, Article II.B.1.h, at 44.) In addition to mailing the Plan Confirmation Hearing Notice to all holders of these claims and equity interests, Calpine proposes to publish the Confirmation Hearing Notice in *USA Today*, the National Edition of *The Wall*

*Street Journal, The Financial Times, The San Jose Mercury News, The Houston Chronicle,* and *Toronto Globe & Mail.* (Motion to Approve Disclosure Statement, at ¶ 61 (Bk. Doc. No. 5162.)) Undertaking the burden and expense of Plan distribution and vote solicitation in a proceeding of this magnitude, when the Plan is non-confirmable on its face, simply makes no sense.

Given all of these factors, it would be pointless and wasteful to allow the Debtors to expend the financial resources necessary to solicit votes from literally tens of thousands of creditors and shareholders on a Plan that is unconfirmable on its face. Therefore, the Objection qualifies for permissive withdrawal under Section 157(d) and should be granted by this Court if withdrawal of the reference to the Bankruptcy Court is not mandatory.

## **CONCLUSION**

For all of the reasons stated above, the California State Parties respectfully request that the District Court withdraw the reference to all proceedings on Debtors' motion for entry of an order approving the adequacy of Debtors' Disclosure Statement (Bk Doc. No 5162) to the extent - and only to the extent - that such proceedings relate to whether the Disclosure Statement must

be denied for the reasons set forth in the Objection or any other objection relating to the FPA or the Order, and grant such other relief as may be just.

Dated: August 1, 2007
      New York, NY


/s/ Michael Luskin
Michael Luskin (ML 3957)
Luskin, Stern & Eisler LLP
330 Madison Avenue, Suite 3400
New York, NY 10017
Telephone: (212) 293-2700
Fax: (212) 293-2705
Email: mluskin@lse-law.com

*Counsel for California Department of Water Resources, California Electricity Oversight Board and Attorney General of the State of California*

-- and --

| | |
|---|---|
| Keith J. Cunningham (Admitted *Pro Hac Vice*) | Erik N. Saltmarsh |
| Catherine R. Connors | Chief Counsel |
| Jared S. des Rosiers (Admitted *Pro Hac Vice*) | California Electricity Oversight Board |
| Pierce Atwood LLP | 770 L Street, Suite 1250 |
| One Monument Square | Sacramento, CA 95814 |
| Portland, Maine 04101 | Telephone: (916) 322-8601 |
| Telephone: (207) 791-1100 | Fax: (916) 332-8591 |
| Fax: (207) 791-1350 | Email: esaltmarsh@eob.ca.gov |
| Email: kcunningham@pierceatwood.com | |
| Email: cconnors@pierceatwood.com | **Counsel for California Electricity Oversight** |
| Email: jdesrosiers@pierceatwood.com | |

**Counsel for California Department of
Water Resources and California Electricity
Oversight Board**

Edmund G. Brown, Jr.
Attorney General of the State of California
Tom Greene
  Chief Assistant Attorney General
Mark Breckler
  Senior Assistant Attorney General
Martin Goyette
  Supervising Deputy Attorney General
1515 Clay St., 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 622-2207
Fax: (510) 622-2270
Email: martin.goyette@doj.ca.gov

**Counsel for California Department of Water Resources and Attorney General of the State of California**

**EXHIBIT A**

## INDEX TO APPENDIX (PARTS I AND II)

### PART I

| Tab No. | Description |
|---|---|
| A | Amended Memorandum and Order, dated February 2, 2006 |
| B | Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 20, 2007 (**Bk. Doc. No. 5015**) |
| C | Supplement to Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 20, 2007 (**Bk. Doc. No. 5018**) |

### PART II

| Tab No. | Description |
|---|---|
| D | Disclosure Statement for Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated June 20, 2007 (**Bk. Doc. No. 5016**) |
| E | Notice of Debtors' Motion for Entry of an Order (a) Approving the Adequacy of the Debtors' Disclosure Statement; (b) Approving Solicitation and Notice Procedures with respect to Confirmation of the Debtors' Proposed Plan of Reorganization; (c) Approving the Form of Various Ballots and Notices in Connection therewith; and (d) Scheduling Certain Dates with Respect Thereto (**Bk. Doc. No. 5162**) |
| F | Calpine 2 Contract (**Bk. Doc. No. 176**) |

    1    Cover Sheet/Master Power Purchase and Sale Agreement
    2    EEI Master
    3    Paragraph (f) Letter – 8/25/05
    4    Calpine 2
    5    Guaranty – 8/31/05
    6    Amendment – 10/27/03
    7    Amendment – 10/29/03
    8    Amendment – 3/30/05
    9    Second Amended Confirmation Letter

| | |
|---|---|
| G | California State Parties' Objection to Debtors' Disclosure Statement Based on the Federal Power Act and Other Federal Law and Incorporated Memorandum of Law **(dated August 1, 2007)** |

A copy of the Appendix will be made available to parties in interest upon written request addressed to:

> Mary Downes
> Pierce Atwood LLP
> One Monument Square
> Portland, ME 04101
> Email: MDownes@pierceatwood.com

[W0799603.14]